Rhiner v. Sweet.

STEPHEN P. RHINER, Respondent, v. GEORGE SWEET, CHRISTOPHER B. RHINER, NICHOLAS WAGONER and PHILO SWEET, Appellants.

(GENERAL TERM, FIFTH DISTRICT, APRIL, 1870.)

An agent of a firm after its dissolution and a settlement of the firm accounts between the members thereof, except as to an outstanding partnership claim, collected the claim, and paid it over, in different amounts to two of the partners, there being five altogether. One of the partners, who had received none of the moneys, sued all the rest for an accounting, claiming to recover his proportion of the sums so paid; the

referee without ascertaining the amount which each partner had received, directed judgment against them all as claimed.—*Held*, that there was no joint liability of the defendants, but that they were liable severally for the plaintiff's proportion of the sum received by them respectively, and that such sums being unascertained the judgment was erroneous and must be wholly reversed.

THIS was an appeal, by the defendants, from a judgment entered on the report of a referee, in favor of the plaintiff.

The action was brought to obtain an accounting, between the plaintiff and the defendants, as members of a copartnership, known as "The Carthage, Lowville and New York Line," and to recover the moneys found due thereon, to the plaintiff. The referee found, a partnership in the transportation business between the parties, which, commencing in February, 1861, was dissolved by consent in March, 1862, in which latter month an accounting was had between the partners, at which all claims between them were adjusted, except a claim with reference to injury to a cargo while *in transitu* upon a boat employed by them as carriers, and on account of which there were outstanding claims against the firm by the shippers, and also claims in the firm's favor for insurance; that after the dissolution and sometime in December, 1862, one Hartwell who had been an agent for the firm, and who was authorized to do so, adjusted and paid the claim for losses, and also received the insurance; and that after payment of the claims there had been a balance due from the agent to the company, and which was in the hands of the company to be divided among the partners, each being entitled to one-fifth thereof; and he gave judgment against the defendants in the plaintiff's favor, for one-fifth of such balance, with interest. Upon his report judgment was entered against the defendants with costs, and the defendants appealed. Other facts are stated in the opinion of the court.

*George Gilbert*, for the appellants.

*J. B. Emmes*, for the respondent.

Present—MULLIN, MORGAN and DOOLITTLE, JJ.

By the Court—MULLIN, P. J. I entertain very serious doubts, whether the findings of facts in this case, are supported by the evidence. But, it is not necessary to examine that question, as the judgment must be reversed, whatever our views may be upon that question.

The plaintiff, and the four defendants, composed the firm known as The Carthage, Lowville and New York Line, and each was entitled to one-fifth part of the net earnings of the line. They settled, at the time of the dissolution, all their partnership matters, except such as were connected with the loss of one of the boats in the North river while being towed to New York city. The boat was insured for $4,000. This sum was collected by the agent of the firm, and paid to the owners of goods, that were on board of the boat at the time of her loss, and injured thereby. There remained in the agent's hands after paying these damages, as is found by the referee, the sum of $570.96, to be divided equally amongst the partners. Hartwell testifies that, after paying the damages, he had in his hands $700. Of this sum, part he paid to Christopher B. Rhiner, but can't say how much, and part to George Sweet and Nicholas Wagoner. He paid none to Philo Sweet.

Assuming that there was evidence to authorize the finding of the referee, that the actual balance was $570.96, and not $700. Then, upon the evidence, this sum was paid to Sweet, Wagoner, and Christopher Rhiner. There is not a particle of evidence, that Philo Sweet ever received one penny of it; yet, by the judgment, he is charged with the payment of plaintiff's share of the $570.96.

I know of no principle of law by which he can be so charged. In the settlement of partnership dealings, the state of the accounts between each partner and the firm, and between the partners themselves, will show the amount of profit or loss, and the amount which each owes, or which he is entitled to receive. The court will compel those who have received of the partnership property more than their share, to pay to those who have not drawn out all they were

entitled to, an amount sufficient to make an equal division of the assets of the firm.   No partner can be made liable for property taken by another.

When the $700 came into the hands of Hartwell, it was as between him and the firm copartnership property.   When he paid it to two out of the five partners, it was still partnership property.   But if it was appropriated by the two to whom it was paid to their own use, each became, as between himself and the other members of the firm, a debtor individually liable.

Until it is ascertained how much each partner received, it is impossible to say how much he should refund.   The referee should have ascertained this important fact; and having ascertained that, and the amount each partner was entitled to, he should have ordered judgment, that each partner who was found to have received more than his share, should pay such excess to those who have had less than their share, or to pay it into court, so that it might be paid over to them. In no event, can those who have received more than their share, be made jointly liable for such excess.

The judgment must be reversed and a new trial ordered, costs to abide event.   The order of reference is vacated.

Judgment reversed.