LEONARD H. NEUDECKER *v.* JACOB KOHLBERG.

In taking or stating the final accounts of a copartnership it is to be ascertained:

First, How the firm stands as to non-partners (including coadventurers).

Second, What each partner is entitled to charge in account with his copartners, each being entitled as against the other, to everything he has advanced or brought in as a partnership transaction and also what the other has not brought in, or has taken out more than he ought, and then;

Third, To apportion between them the profits to be divided or losses to be made good, and ascertain what, if anything, any partner should pay to the other, in order that all cross-claims may be settled.

An accounting between copartners is to be governed by the special provisions of the copartnership agreement, and the right to a return of capital invested by each partner is only to be destroyed by express stipulation to the contrary. Unless waived or extinguished by express agreement, the return of capital or of other means furnished by each party for use and employment in the business for their mutual advantage, although a debt of a secondary character, is as between them, an obligation of the partnership, which should be discharged before any final distribution of the profits.

When clauses are repugnant, the earlier prevails in deeds and agreements, and if the latter provision is deemed to be inconsistent with the former, the latter must be rejected.

A and B agreed in writing to form a partnership, A contributing $25,000, and B $5,000 to the capital stock, the profits to be divided and losses to be borne equally, B agreeing to pay interest on the difference of capital, viz.: $10,000. No special contribution of skill or services as against capital was required, nor was there any provision, which, by necessary construction, disentitled either party to a return of his capital, before calculating the respective rights to the profits; the last clause in the agreement, however, required an equal division, share and share alike of all the capital upon the dissolution of the partnership. *Held,* that the capital must be divided, on dissolution, in the proportions in which it was contributed.

Appeal by the plaintiff from a judgment entered upon the report of a referee.

The action was for a dissolution of a partnership and for a settlement of accounts between the parties as copartners.

In April, 1867, the plaintiff and the defendant entered into copartnership, to continue two years, under articles of copartnership, which provided, *inter alia,* that the defendant was to

contribute as capital stock $25,000, and the plaintiff $5,000—
"the $30,000 to be used and employed in common between
them for the support and management of the business, to their
mutual benefit and advantage."—It further provided, that each
should at all times contribute his best efforts to the business;
that they should bear and pay equally all expenses and all pro-
fits should be divided equally, except that the plaintiff was to
pay seven per cent. interest per annum on the difference of
capital stock, namely, on $10,000, and all losses were to be
borne and paid equally. Proper books of account were to be
kept, and once in each year accounts were to be taken and pro-
fits, if any, were to be added to the capital stock.

It was also provided, that "at the end, or other sooner de-
termination of their copartnership, the said copartners, each to
the other, shall and will make a true, just and full account of
all things relating to their said business, and in all things truly
adjust the same, and all and every the stock and stocks, as well
as the gains and increase thereof which shall appear to be re-
maining, either in money, goods, wares, fixtures, debts, or
otherwise, shall be divided between them, share and share
alike."

The partnership continued until September 22d, 1868, when
the stock in trade was levied on under an execution against the
defendant, whereupon the plaintiff brought this action.

The action was referred to Hon. Wm. H. Leonard who
found, "that the capital, in case it remains unimpaired, after the
payment of losses and the interest on $10,000 agreed to be
paid to the defendant for the difference in the amount of
capital mentioned in the copartnership agreement, must be
divided in the proportions in which it was contributed as men-
tioned in the said agreement. In case of loss to an extent im-
pairing the capital, it must be equally divided, and one half
thereof deducted from the capital contributed by each of the
parties. In case the loss is sufficient to impair the joint capital
more than $10,000 then the defendant must have judgment
against the plaintiff for one half the amount which the loss
shall exceed the last mentioned sum."

From the judgment entered upon the decision the plaintiff appealed to the general term of this court.

*Edward Van Ness*, for appellant.

*Owen, Nash & Gray*, for respondent.

By THE COURT.*—ROBINSON, J.  The question presented is as to the rights of the parties in the copartnership assets on dissolution of the firm and after payment of the partnership debts.

It arises mainly upon a difference as to the construction of the articles of copartnership, the defendant claiming that he is entitled to be paid out of surplus assets, and before a division of profits, the sum of twenty thousand dollars excess of capital contributed by him to the common stock beyond that contributed by the plaintiff.  On the trial before the referee and settlement by him of the copartnership accounts, the claim has been allowed and the plaintiff appealed from such decision.

The special provisions in the copartnership articles affecting the question are, that a copartnership in the general tobacco commission business shall be formed, to commence on the first day of April, 1867, and to continue for two years, and that the defendant should pay in, as capital stock, the sum of $25,000, and the plaintiff, $5,000 ; that the thirty thousand dollars was " to be *used and employed* in common between them for the support and management of the business to their mutual benefit and advantage ;" that they were each to contribute their best efforts, to bear and pay equally all expenses, and all profits were to be divided equally, except that plaintiff was to pay seven per cent. per annum on the difference of capital stock, namely, on ten thousand dollars, and all loss was to be borne and paid equally.

On the second of January of each year, accounts were to be taken, and profits, if any, were to be added to the capital stock, and at the end of the copartnership, after a final and just account and all things truly adjusted, " all and every the

* Present—Daly, Ch. J., Robinson and Larremore, JJ.

stock and stocks as well as the gains and increase thereof, which shall appear to be remaining, either in money, goods, wares, fixtures, debts, or otherwise, shall be divided between them share and share alike."

The judgment appealed from determines, that upon payment of outstanding debts to others, the parties were each entitled to receive, before final distribution, the amounts they respectively contributed to the capital; that such contributions were only made to the end that they should be "used and employed" in the copartnership business. The return of capital stock or of other means furnished by each party, for use and employment in their business for their mutual advantage, although a debt of a secondary character is, as between them, an obligation of the partnership, which unless waived or extinguished by express agreement, should be discharged, before any final division of the profits. In taking or stating the final accounts of a copartnership, it is to be ascertained, first— how the firm stands, as to non-partners (including coadventurers), second—what each partner is entitled to charge in account with his copartners, each being entitled as against the other, to everything he has advanced or brought in as a partnership transaction, and also what the other has not brought in or has taken out more than he ought ( *West* v. *Skip*, 1 Ves. Sen. 239), and then, third—to apportion between them the profits to be divided or losses to be made good, and ascertain what, if anything, any partner should pay to the other, in order that all cross-claims may be settled (Lind. on Part. 828).

This accounting is to be governed, however, as between the partners, by the special provisions of the copartnership agreement, and the right to a return of capital invested by each partner, is only to be destroyed by express stipulation to the contrary.

The several provisions in these articles, that the contribution of the capital stock was only for its "use and employment" in common between them in the business of the firm; that they should equally bear all expenses and losses; and each alike contribute his skill and services to its success, that plaintiff should pay interest on $10,000, one half of the excess

of capital contributed by defendant (in effect confessing by this obligation of the plaintiff to pay interest on one half of such surplus, that the burthen of the loan or advance of $20,000, made by the defendant to the capital of the firm, was to be thus equalized), and that all loss was to be shared equally, each and every of them, clearly indicate the intention of the parties that the contributions severally made by them to the common stock were only for their "use and employment" in the business of the firm, and that such excess of capital, contributed by the defendant, was not intended as a consideration or *bonus* to plaintiff for entering into the partnership or for his especial contribution of any superior skill or services in attending to its affairs for two years, or in case of a sooner dissolution, possibly for a day.

The only provision in the articles upon which the plaintiff relies for a contrary construction, is the last clause, that at the end or sooner determination of the partnership, after a just, true, and final account of all things relating to their said business and a true adjustment thereof, " all and every, their stock and stocks as well as the gains and increase thereof, which shall appear to be remaining either in money, goods, wares, fixtures, debts, or otherwise, shall be divided between them share and share alike." Such true, just, and final account, according to the principles before stated, necessarily comprehended the matter previously referred to in the agreement, or which existing under the common law (not varied or modified thereby), recognizing or establishing their individual claims or preferences, as against each other, in the copartnership property, and especially such preferences of each of the parties, as were previously provided for and were paramount to the rights accruing in the surplus, upon final distribution.

The articles disclose no especial contribution of skill or services as against capital (as distinguished from its use), nor do they contain any provision which by necessary construction can, or, in equity, ought to disentitle either party to a return of the capital he had contributed for mere use and employment by the copartnership, before calculating their relative rights in the *profits*. The contract fixed the equality of the

partners in any profits or losses, and any construction as is claimed by the plaintiff, instead of insuring such equality, would make the defendant a loser by their joint venture, beyond any sustained by the plaintiff, of $10,000.

Even if this were at all doubtful by reason of the last clause above quoted, the learned referee, in his opinion, correctly states the rule of law, that "when clauses are repugnant, the earlier prevails in deeds and agreements, being contrary to the rule as to the construction of wills (2 Parsons on Cont. [3 ed.], 26 and note); and if the latter provision is to be deemed inconsistent with the former, the latter must therefore be rejected." Although the form of these articles of copartnership is such as is commonly adopted, the question presented in this case seems to be scarcely alluded to in any of the elementary works and but little considered in any of the adjudged cases of our courts. In England the following cases bearing on the point in question have occurred. In *Wood* v. *Scoles*, decided in 1866 (Law Rep. 1, Ch. Appeals, 369), the parties were partners under articles providing that the business should be carried on for the mutual and common benefit and risk of the partners' profit and loss in equal shares; the defendant's capital was to be £1,500, the plaintiff's £750.

The capital of each partner was to carry interest at £5 per cent., to be allowed yearly before making up the accounts. The remainder of each partner's share of profits was to be added to his capital and bear interest at 5 per cent., to be paid before a net division of profits. On dissolution, after payment of debts, it was provided that the remaining capital, stock, moneys and credit belonging to said partnership should be divided, or received, or taken by the said partners, *according to their respective shares or interests therein*. On such dissolution the capital standing to plaintiff's credit was not much increased; that of the defendant was greatly so, partly by accumulation of profits and partly by cash brought in by him. After payment of debts, the assets were insufficient to replace the two capitals in full.

It was held, under the peculiar wording of the agreement, that the debts referred to *did not include the capitals of the*

*partners,* that the assets after payment of debts ought to be applied first in repaying to the defendant, with interest, *the additional capital* brought in by him in cash, and that the remainder ought to be divided between the partners in proportion to their capitals.

In *Nowell* v. *Nowell,* decided in 1869 (Law Rep. 7 Eq. Cas. 538), the partnership was formed by a parol agreement that profits and losses should be shared and borne equally. One of the partners died, and it was found he had advanced more capital than the survivor to the amount of £1,900. The net assets of the partnership were only £1,400. It was held that the deficiency of £500 was a debt to which both estates were liable to contribute equally. It was contended on the other side, citing Lindley on Partnership (3 ed. 790), that the capital was at the risk of the business, and that therefore loss of capital was not chargeable against the debtor partner. The following is from the opinion of Sir W. M. James, V. C.:

" This balance of £500 constituted a debt, a loss, to which both parties were equally liable to contribute, and there is, therefore, a debt of half that amount due from the surviving partner to the other partner. I intimated this opinion in the course of the argument, and I was referred to a passage in Mr. Lindley's valuable book and to a judgment of the Lords Justices in *Wood* v. *Scoles* as being opposed to that view. The decision of the Lords Justices turned entirely on the construction of a special clause in the articles of partnership. If Mr. Lindley's book is supposed to intimate that in the absence of express or implied stipulation to the contrary, partners are not to contribute equally to every loss, whether that loss is a loss of the original capital brought in, or any other loss, I have no hesitation in expressing my entire dissent from it. Whether moneys are brought in originally as capital, or advanced subsequently, or paid by one partner at the winding up, is, in my judgment, wholly immaterial.

" Every partnership is a series of partnership adventures, and if the partnership be tested by one adventure, the rule is made very clear.

" Two persons engaged in a speculation say in the pur-

chase  of  £1,000  worth  of  cotton,  one  has  the  £1,000  at  his  command,  the  other  has  not.

"The  first  partner  advances  his  £1,000  for  the  purpose  of  the  speculation.   If  the  cotton  produces  £1,100,  the  £100  is  divided  between  the  two  partners.   If  it  only  produces  £900,  could  it  be  contended  that  the  capitalist  partner  is  to  put  up  with  the  entire  loss,  and  that  the  game  of  partnership,  between  the  man  without  money  and  the  man  with,  was  to  be  on  the  principle:—'Heads  I  win—tails  you  lose?'

"I  hold  it  to  be  clear,  therefore,  that  in  this  case  the  surviving  partner  was  bound  to  pay  half  the  deficiency  between  the  available  assets  and  the  excessive  amount  advanced  by  the  deceased  partner."

Neither  of  these  cases  determine  any  principle  which  calls  for  any  modification  of  the  views  already  expressed,  and  the  judgment  appealed  from,  was  not  erroneous  in  any  of  the  particulars  urged  against  it  and  should  be  affirmed  with  costs.

Judgment  affirmed.