By the Court.—Freedman, J.
—It is conceded that the referee has correctly found the amounts withdrawn by, and the balance due to and by, the several parties to the co-partnership. It therefore appears without contradiction that there was due from all sources :
*198 To Butler.......$9,286.77
To Mpore....... 17,922.82 .
Total......$27,209.59
On the other hand Ballard and Halley had largely overdrawn their respective accounts, and there was due
From Ballard......$15,243.08
From Halley...... 11,966.51
Total......$27,209.59
—or exactly the aggregate amount to which Butler and Moore were entitled.
The cross claims arising from this state of facts between the partners themselves, the referee determined upon the theory, (1) that the sums due to Butler and Moore should be paid by all the partners in the percentage proportions of their interests ; and (2) that the sums due by Ballard and Halley should be paid to all the partners in like proportions, and that thus each partner should have, in the form of a claim upon one or all the others, just his share of the whole sum.
It is also conceded that if this theory is applicable the computations made upon it are not open to objection.
In my judgment the theory adopted and acted upon was the correct one. It is in accordance with the principles laid down in Neudecker v. Kohlberg (3 Daly, 407), and the provisions of the articles of co-partnership in this case.
The alleged insolvency of Ballard and Halley does not call for a different apportionment. For even if such insolvency existed, the amounts overdrawn and due by them cannot, as between the partners themselves, be treated as losses within the true intent and meaning of that word as used in the articles of copartnership. Moreover, the said articles expressly provided “that at the termination of the partnership, either by death or otherwise, or • its own limitations after the *199 payment of all the indebtedness of said partnership, there shall first be paid from the assets of said partnership, to the said parties of the third and fourth parts (Butler and Moore), the capital contributed by the said parties of the third and fourth parts, to the common stock . . . with interest, ... and, secondly, that the respective interests of all the parties hereto, in the profits of said partnership, shall be .adjusted and paid according to their respective shares of per centum in the same.”
The claim, therefore, which has been advanced by the appellants, that the amounts overdrawn by Ballard and Halley constituted losses to be borne by the two creditor partners in the proportion that the profits and losses were divided between them, is quite .untenable.
The order should be affirmed, with costs.
Curtis, Ch. J., and Van Vorst, J., concurred.