CHRISTIEN KUMMEL, Respondent, *v.* THE GERMANIA
SAVINGS BANK, Appellant.

*Supreme Court, Second Department, General Term, June* 28, 1889.

*Savings bank.*—Where a savings bank contracts to make no payment, un-
less the depositor calls for the same in person, or by attorney duly
constituted, it is liable for all moneys paid to third persons out of such
deposit, without such authority, though the contract contains a sub-
sequent provision that the bank shall not be held liable for any fraud
committed by producing a bank book.

Appeal from a judgment entered upon a verdict, and from
an order denying a motion for a new trial.

*William D. Veeder*, for appellant.

*Hirst & Rasquin*, for respondent.

PRATT, J.—The case in 57 N. Y. 423, is not in point.
There the contract between the parties provided that any
payments made to persons presenting the deposit books
should be valid payments to the depositors.

In the case at bar the contract provides that no payment
should be made unless the depositor call for the same in
person, or by attorney duly constituted, by writing signed
and acknowledged.

It might well be supposed that the contract was drawn in
view of the decision in 57 N. Y. to give confidence to de-
positors that their money would be safe, and forthcoming
when demanded.

Upon the terms of the contract, it is not easy to see why
plaintiff was not entitled to a more favorable direction to
the jury than he in fact received. For no claim was made
that plaintiff had executed any written order for payment,
and if he did not himself receive the disputed payments
their invalidity seems clear.

If it be argued that the subsequent provision in the contract is to the effect that the bank will not be liable for any fraud committed by producing the bank book, it may be answered that if the provisions are inconsistent the prior provision must stand, and the later one be rejected. 2 Parsons on Contracts cited; Neudecker *v.* Kohlberg, 3 Daly, 407.

It should be also said that judgment given below does not in any just sense hold defendants liable for a fraud committed by a depositor. The liability to which they were held is to pay money they received from plaintiff, and for which they had not discharged themselves by a payment authorized by their contract.

Judgment affirmed, with costs.

All concur.