WILLIAM S. WILLIAMS, Respondent, *v.* ROBERT LINDBLOM, Appellant, Impleaded with Others.

*Pleading — partnership accounting — judgment.*

The practice, in an answer, of merely designating by a reference to folios the allegations of the complaint undertaken to be denied, is to be condemned.

If it cannot be determined from the answer what has been denied, none of the allegations of the complaint will be deemed to have been controverted.

In an action in equity for a partnership accounting, a money judgment cannot be rendered without a previous determination of the state of the accounts between the partners.

On the trial of such an action, a specific request to state the accounts between the partners is not necessary to present on appeal the error committed in rendering a money judgment instead of stating the accounts, as required by the form of the action.

APPEAL by the defendant, Robert Lindblom, from a judgment of the Supreme Court entered in the office of the clerk of the city and county of New York on the 2d day of September, 1892, in favor of the plaintiff upon the report of a referee.

June 21, 1883, Robert Lindblom and Nelson Van Kirk, of Chicago, Ill., and Nathan G. Miller and William S. Williams, of the city of New York, entered into a written contract by which they formed a limited partnership for the transaction of a commission business at the city of Chicago, under the firm name of Robert Lindblom & Co. It was mutually agreed that Lindblom and Van Kirk should jointly contribute to the capital $150,000 in cash, and Miller and Williams each $75,000 in cash. The partnership was to commence July 1, 1883, and continue for two years. The partners were to share in the profits in proportion to the amount of capital contributed by each, and were to bear the losses in the same proportion, except that Williams was to be liable for losses only to

the extent of the sum contributed by him to the capital of the firm. The firm commenced business and continued until April 3, 1884, when it was dissolved by mutual consent. These facts are conceded.

January 17, 1890, the summons in this action was served on Lindblom and on Nathan G. Miller and John K. Kitchen in March of the same year. The action was for an accounting between the partners and for a judgment against the defendants for such sum as should be found due the plaintiff on the accounting. Miller did not appear in the action, but his receiver appeared and answered, submitting his rights to the court. Van Kirk was not served and did not appear. Lindblom answered and prayed for a judgment for an accounting, and determining the rights of all the partners as between themselves. The action was tried before a referee, who rendered a personal judgment in favor of the plaintiff and against Robert Lindblom and Nathan G. Miller for $63,705.16 damages and costs, and that the plaintiff have execution therefor.

*Cephas Brainerd*, for the appellant.

*D. M. Porter*, for the respondent.

FOLLETT, J.:

The answer of Lindblom is so defective that had the decision turned upon the state of the issues presented by the pleadings, the defect might have proved fatal to the defendant. The answer "denies the allegations contained in said complaint from the middle of the ninth folio down to the words 'anyone therefor,' near the end of the twelfth folio of said complaint, except," etc. The folios referred to are evidently those of the original complaint, which are not identical with those of the complaint as printed in the record, and it is impossible to ascertain what is denied and what admitted. This vicious mode of pleading has been several times condemned in reported cases. (*Caulkins* v. *Bolton*, 98 N. Y. 511; *Baylis* v. *Stimson*, 110 id. 621; *Crosley* v. *Cobb*, 3 How. Pr. [N. S.] 37; *Varnum* v. *Hart*, 47 Hun, 18–23; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 29 N. Y. St. Repr. 918.) Pleadings are to be construed strictly against the pleader, and if it cannot be determined what has been denied, none of the allegations of the complaint will be deemed to have been controverted.

An action at law cannot be maintained by one partner against

another to recover a sum of money arising out of the partnership transactions until a final accounting has been had and the amount due ascertained. The case at bar is in equity for an accounting between several partners, but by the decision of the referee and the judgment entered thereon it was, in effect, turned into an action at law, and a judgment for a definite sum of money entered in favor of one partner against two others, without determining the state of the accounts between the partners.

The rule for taking a partnership account in an action like this is well stated by Mr. Lindley in his learned work on Partnerships:

"1. Ascertain how the firm stands as regards nonpartners. 2. Ascertain what each partner is entitled to charge in account with his copartners, remembering, in the words of Lord Hardwicke, that 'each is entitled to be allowed as against the other everything he has advanced or brought in as a partnership transaction, and to charge the other in the account with what that other has not brought in, or has taken out more than he ought.' 3. Apportion between the partners all profits to be divided or losses to be made good, and ascertain what, if anything, each partner must pay to the others, in order that all cross-claims may be settled." (2 Lind. on Partnership [3d Eng. ed.], 1031.)

This rule has been approved by several cases in this State. (*Neudecker* v. *Kohlberg*, 3 Daly, 407; *Rhiner* v. *Sweet*, 2 Lans. 386; *Butler* v. *Ballard*, 11 J. & S. 191; *Sweet* v. *Morrison*, 103 N. Y. 235; *McCall* v. *Moschowitz*, 14 Daly, 16.) Such is the rule in New Hampshire (*Raymond* v. *Came*, 45 N. H. 201) and in Massachusetts (*Paine* v. *Paine*, 15 Gray, 299). The theory of this action was disregarded by the learned referee, whose decision and the judgment entered thereon violate the rule that judgments must be *secundum allegata et probata*.

It was urged on the argument that the defendant did not, by an appropriate request, ask the referee to state the accounts between the partners. This was unnecessary, for counsel had the right to assume that a judgment appropriate to the form of the action would be rendered, and it was no more necessary to make a specific request than it would be, in an action for specific performance, to request that a judgment for money be not given, but that specific relief be awarded or denied.

The exceptions taken by the appellant to the conclusions of law are sufficient to raise the questions here considered. In accountings between partners, it is not usual to award costs until the final judgment is entered, when they may be paid out of the fund, or charged against the delinquent partner, so the question of costs will be reserved until the final determination.

The judgment should be reversed and a new trial granted before a new referee to be appointed by this court, with costs to appellant to abide the final award of costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment reversed and new trial granted before a new referee to be appointed by this court, with costs to appellant to abide the final award of costs.