(10 Misc. Rep. 153.)

GIMPEL v. WILSON et al.

(Common Pleas of New York City and County, General Term. November 7, 1894.)

1. PARTNERSHIP—ACCOUNTING.
    In order to compute profits, it is error to estimate the amount of assets by adding to the cost price of goods on hand a certain per cent., as representing the selling price, though it appears that the partners had theretofore, at successive periods, taken stock in that manner.

2. SAME—FORM OF JUDGMENT.
    In an action for an accounting, it is error to give plaintiff judgment against defendants jointly for the full amount of his claim, without adjudging the respective liabilities of defendants.

Appeal from judgment on report of referee.

Action by Henry Gimpel against Peter K. Wilson and Samuel M. Wilson for an accounting of partnership profits. There was a judgment in favor of plaintiff, and defendants appeal. Reversed.

The account, as stated by the referee, is as follows:

| | | |
|---|---:|---:|
| On July 1, 1889, the assets were...................... | | $424,175 52 |
| On January 1, 1889, the assets were.................. | | 399,270 39 |
| | | $24,905 13 |
| P. K. Wilson drew.......................... | $1,572 76 | |
| S. M. Wilson drew.......................... | 5 26 | |
| H. Gimpel drew............................ | 1,500 00 | |
| | | 3,078 02 |
| | | $27,983 15 |
| Gimpel's one-eighth................................. | | $3,497 89 |
| On January 1, 1890, the assets were.................. | $453,031 84 | |
| On July 1, 1889, the assets were..................... | 424,175 52 | |
| | | $28,856 32 |
| P. K. Wilson drew.......................... | $1,890 40 | |
| S. M. Wilson drew.......................... | 718 63 | |
| H. Gimpel drew............................ | 2,100 00 | |
| | | 4,709 03 |
| | | $33,565 35 |
| Gimpel's one-eighth................................. | | 4,195 66 |
| On July 1, 1890, the assets were..................... | $482,872 21 | |
| On January 1, 1890, the assets were.................. | 453,031 84 | |
| | | $29,840 37 |
| P. K. Wilson drew.......................... | $1,178 57 | |
| S. M. Wilson drew.......................... | 574 50 | |
| H. Gimpel drew............................ | 1,500 00 | |
| | | 3,253 07 |
| | | $33,093 44 |
| Gimpel's one-eighth................................. | | 4,136 68 |
| Assets January 1, 1891.............................. | $503,154 99 | |
| Assets July 1, 1890................................. | 482,872 21 | |
| | | $20,282 78 |
| P. K. Wilson drew.......................... | $2,962 92 | |
| S. M. Wilson drew.......................... | 1,451 05 | |
| H. Gimpel drew............................ | 2,179 70 | |
| | | 6,593 67 |
| | | $26,876 45 |
| Gimpel's one-eighth................................. | | 3,359 55 |
| Total share of Gimpel................................ | | $15,189 78 |
| Deduct his drawings................................. | | 7,279 70 |
| Balance ........................................... | | $7,910 08 |

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

William R. Wilder, for appellants.

Blumenstiel & Hirsch, for respondent.

BISCHOFF, J. The account, as stated between the plaintiff and the defendants, according to the finding of the referee, for the pur-

pose of sustaining the judgment in this action, can find justification upon the evidence in but one aspect of the case,—the aspect conceded by the parties to have obtained,—and in this view the judgment rests upon an unjustifiable method of computation. It being found that the plaintiff was entitled to one-eighth of the net profits of the business, according to the oral agreement proven, and that this amount was to be computed upon profits accruing between the 1st day of January, 1889, and the 1st day of January, 1891, the referee proceeded to compute the amount of these profits upon the basis formed by statements as to the state of the assets of the firm at successive periods of six months between those dates. It appeared that the stock on hand, which formed the major portion of the assets, had been taken, during all periods except that for the last six months, at an increase of $33\frac{1}{3}$ per cent.,—this denoting the difference between the cost and the selling price; and the referee therefore translated the cost price, as shown for the last period, into the selling price, by adding $33\frac{1}{3}$ per cent., and upon this basis computed the plaintiff's share, less his drawings. The amount of stock on hand appears to have increased largely during the periods considered, and the judgment for the plaintiff is founded; in amount, upon the increase of assets as shown during the time of his partnership. The vice of this method of computation for the purpose of determining the profits of the business is apparent. The percentage arbitrarily added by the defendants to the cost price, in order to reach the selling price, is in no way claimed to represent profits, and indeed the evidence shows that such was not the fact. It obviously represented an amount made up of firm expense and firm profit on the sale of the goods, and the plaintiff's recovery is hence unduly enhanced by the disproportion between the relative expenses and profits upon the goods on hand at the commencement of his partnership, and the corresponding relation upon the greater amount of stock as taken at the time of his withdrawal. In other words, the plaintiff was awarded, as profit, some undetermined amount, which did not represent an increase of assets over expenditures, and the record discloses no trace of an agreement which would justify a computation upon the basis considered.

The judgment is open to the further objection that it fails to adjudge the respective liabilities of the defendants, and gives to the plaintiff a remedy jointly against them for the full amount of his claim. Bates, Partn. § 455, and cases cited; Williams v. Lindblom, 68 Hun, 173, 22 N. Y. Supp. 678.

Our conclusion renders discussion of the further points raised by the appellants unnecessary, since a new trial must result. Judgment reversed, reference discharged, and new trial ordered, with costs to abide the event. All concur.