(47 Misc. Rep. 443.)

### SPIER v. HYDE et al.

(Supreme Court, Special Term, New York County. June, 1905.)

JUDGMENT—CONSTRUCTION—PARTIES—JOINT OR SEVERAL.

In an action for an accounting, it appeared that the parties were joint adventurers in the promotion of a corporate enterprise, involving the formation of a new corporation to take over the stock and holdings of an existing corporation. It was determined that defendant, who was the active manager, violated his duties toward plaintiff to benefit himself and his codefendant, but it was not found that the codefendant was any party to defendant's acts, nor was there any joint liability. An interlocutory judgment ordering an accounting provided that, in taking the account, the referee should make all just allowances to the parties, and should make allowance to plaintiff for any depreciation in the value of stock, and should report what should appear to be due to either party on the balance of the account. It further provided that plaintiff should have judgment against defendants and each of them for the shares of stock and sums of money that might be found due him. *Held*, that the judgment was not an adjudication that defendants were jointly liable to plaintiff, but would be construed as directing a final judgment against defendants severally, to the extent of the amount which might be charged against each upon the accounting.

Action by Charles L. Spier against Charles L. Hyde and another. On motion for final judgment upon report of a referee appointed by an interlocutory judgment to take and state an account of dealings and transactions between the parties. Denied.

H. Snowden Marshall, for plaintiff.
Lorenzo Semple, for defendant Garrison.
Franklin Bartlett and Charles W. Pierson, for defendant Hyde.

BISCHOFF, J. The facts of this litigation have been stated at some length in opinions rendered by the Appellate Division upon two appeals (Spier v. Hyde, 78 App. Div. 151, 79 N. Y. Supp. 699 ; 92 App. Div. 467, 87 N. Y. Supp. 285), and the questions upon which the plaintiff's right to a recovery depend have been settled in his favor by the interlocutory judgment under which the accounting has proceeded. Upon the present motion for final judgment, however, a question is presented as to the form of the judgment to be rendered, which question involves, to some extent, the correctness of the referee's method of stating the account. The parties were joint adventurers in a transaction involving the acquirement of stock in a certain corporation, the

formation of a new corporation to take over the stock and holdings and the promotion of the enterprise for the benefit of the parties, in accordance with an agreed proportion for the division of profits. The defendant Hyde, the active manager and manipulator of the holdings, violated his duties toward the plaintiff, as has been determined, with the intention of benefiting himself, and, incidentally, his other associate, the defendant Garrison, but there was no finding that Garrison was an actual party to Hyde's acts, nor is it suggested by the record, or by the opinions delivered by the court in the course of the litigation, that Hyde and Garrison were jointly chargeable in damages, measured by the loss occasioned by Hyde's dealings with his (the plaintiff's) share of the holdings, without his consent and in contravention of the agreement. When speaking of the relation of these parties and of Hyde's acts, the Appellate Division has said (92 App. Div. 472, 87 N. Y. Supp. 288):

"Whether it became a technical partnership, as a matter of law, or whether it constituted a mere joint venture, is not of consequence. The respective interests were settled. Such interests were placed in a common pool, to be used and disposed of for the benefit of all, and the legal rules applying to such an agreement are precisely the same as are those which apply to a partnership in technical sense, and rights are to be enforced upon the same principles. * * * Such relation is fiduciary in character, and the most scrupulous good dealing is required at the hands of a party who has been invested with the power to deal with the property, and in equity he may be called upon to account for the property so held. He becomes a trustee for his associates in interest, is their agent in the transaction, and is not only bound to account for the property and its proceeds, but the burden is imposed upon him to show that he has discharged his trust with fidelity."

Unless Garrison were chargeable equally with Hyde with a breach of some fiduciary duty toward the plaintiff, it is not possible to hold that he is liable jointly with Hyde to the extent of the plaintiff's consequential damages, measured as they are by the value of the stock in Hyde's hands for his account, and by depreciation of the value of that stock by reason of the failure to deliver it to him, or to deal with it in accordance with the terms of the agreement. Garrison may have received more than his share as the result of Hyde's acts, and, to the extent to which he has shared in what should have been the plaintiff's profits, he is accountable; but not for damages for Hyde's breach of duty on any theory which the record supports. So far as Garrison is concerned, the situation is that of an adjustment of accounts between partners as such, without the intervention of any principle whereby Garrison is to be held liable to Spier in damages for some personal breach of contract upon his own part; and, as stated in Bates on Partnership (section 455), the rule is that:

"The balance owed by debtors partners to a creditor partner on final accounting is owed by them each for his own account, and a decree against them jointly is erroneous."

Again, in Rhiner v. Sweet, 2 Lans. 386, it was said:

"In the settlement of partnership dealings, the state of the accounts between each partner and the firm, and between the partners themselves, will show the amount of profit or loss, and the amount which each owes, or which he is entitled to receive. The court will compel those who have received of the partnership property more than their share to pay to those who have not

drawn out all they were entitled to an amount sufficient to make an equal division of the assets of the firm. No partner can be held liable for property taken by another."

See, also, Darling v. Brewster, 55 N. Y. 667.

The interlocutory judgment does not adjudge that these defendants are jointly liable when providing "that the plaintiff have judgment against the defendants, and each of them, for the shares of stock and sums of money that may be found due him from said defendants, and each of them." The judgment provides for the taking and stating of the account, and that in taking said account the referee is to make all just allowances to the parties as between themselves, and to make allowance to the plaintiff for any depreciation in value to the stock, if any has occurred, and to report what shall appear to be due to either party or parties on the balance of said account. Construed in the light of the decision filed by the court and of the character of the litigation, this interlocutory judgment provides, not for a joint recovery, but for a final judgment against the defendants severally, to the extent of the amount chargeable against each, as may appear on the accounting.

So far as the exceptions taken by the defendant Hyde present a question as to the correctness of the referee's conclusion that the stock had a certain market value, to be resorted to for the purpose of determining the depreciation by reason of this defendant's acts, the finding of value and depreciation appears to be sufficiently supported by the evidence adduced; but the report must be sent back to the referee for further consideration, and for the making of a proper adjustment of the accounts as between the plaintiff and the defendant Garrison, in accordance with the views herein expressed.

Ordered accordingly.