JOHNSON *v.* TOWNSEND *et al.*

No. 13745. JULY 8, 1941.

*Blackshear & Blackshear* and *Nelson & Nelson,* for plaintiff.
*E. L. Stephens* and *Lester F. Watson,* for defendants.

JENKINS, Justice.   The petition against a father, his two sons as partners with the plaintiff, and a secured creditor, alleged that the plaintiff bought all the personalty, comprising the original partnership assets, from their former owner for $2500, and they were worth this amount or more; that the plaintiff paid $1250 cash and the $1250 balance by notes secured with a retention-of-title contract; that the father bought from the plaintiff an undivided half interest in the business for $1250, by agreeing to pay and become solely responsible for the $1250 balance of purchase-money; that the father so agreed with the vendor and indorsed the notes; that under the agreement between the plaintiff and the father, the father's two sons were taken into the business as active partners, with the father as silent partner, all three together owning a one half interest, and plaintiff a one half interest; that the sons as partners thus became impliedly bound, by acquiring the rights and privileges of the partnership, to pay the $1250, representing the one half partnership interest, which the father had expressly agreed to pay; and that none of these defendants ever paid this amount, but procured the fourth defendant, a brother-in-law of the father, to make the payments, which he did, but took an assignment of the retention-of-title contract from the original vendor.   The plaintiff prayed for an injunction, receiver, dissolution of the partnership, and a settlement and accounting from the father and sons as to the $1250 and interest.   The defendants admitted their willingness to have the partnership dissolved and a receiver appointed; admitted that there was a partnership between the plaintiff and the sons, the plaintiff owning one half and the sons the other half interest, but denied that the father was a partner.   They admitted the non-payment of the $1250 except by the brother-in-law and his taking an assignment of the retention-of-title contract.   In their answer the sons "offered to make a complete accounting" with the plaintiff. The answer of the brother-in-law claimed $1250 and interest as due him on the contract.   The receivers filed a report that they had disbursed all assets, converted into $1165.34 cash, by paying the expenses of receivership, priority debts, and $681.55 to the brother-in-law, after which he filed an amendment acknowledging that it was a payment in full of his debt.   The receivers were discharged.   At the final hearing the judge refused to submit to the jury any question as to accounting with the plaintiff, and entered

a decree dissolving the partnership but dismissing the action. To these rulings the plaintiff excepted. *Held:*

1. "A court of equity has jurisdiction in all cases of an accounting and settlement between partners," where the partnership has not been dissolved. *Smith* v. *Hancock,* 163 *Ga.* 222 (2, *b*), 229 (136 S. E. 52); *Manry* v. *Hendricks,* 192 *Ga.* 319 (15 S. E. 2d, 434); 47 C. J. 1204, § 912. Especially is this true where, as here, the petitioning partner alleges that he was excluded from the activities of the partnership, and prays for dissolution of the partnership, and for injunction and receiver, and where there is no demurrer to the petition, a receivership is granted, and the partnership debts have been paid by the receivers. *Hogan* v. *Walsh,* 122 *Ga.* 283 (50 S. E. 84); 47 C. J. 1154, 1155, §§ 836, 837; 1198, § 900.

2. After payment of the partnership debts, the petitioning partner is entitled to an accounting without the necessity of showing any exact amount as due, if he alleges and shows "facts sufficient to indicate that something will be found to be due him;" and he is entitled to a personal money judgment against the indebted partners for such amount as may be shown by the proof. *Bowman* v. *Chapman,* 179 *Ga.* 49 (2) (175 S. E. 241); *Ferrell* v. *Wight,* 187 *Ga.* 360, 367 (200 S. E. 271); *Gould* v. *Barrow,* 117 *Ga.* 458 (43 S. E. 702).

(*a*) "When equity has assumed jurisdiction of a partnership accounting, it will retain jurisdiction so as to afford complete relief between the partners . . as to all controversies growing out of the partnership. The court does not lose jurisdiction of the cause by accepting the final account of a receiver," after a payment of partnership debts and settlement of all other matters. 47 C. J. 1205, § 913, and cit.

(*b*) Where after payment of the partnership debts no assets remain from which the respective debts and interests of the partners may be adjusted and paid, it is proper that the final decree fix the amounts due to and by each partner, and that a personal judgment be rendered against those indebted. 47 C. J. 1257, § 987; 1264-1267, §§ 995-998, and cit. If there is a joint liability by two or more partners, a joint judgment may be rendered, and the respective liabilities of the defendants may be adjudged. *Gimpel* v. *Wilson,* 10 Misc. 153 (30 N. Y. Supp. 942); 47 C. J. 1267, § 999.

(c) "Unless otherwise provided in the agreement [forming the partnership], partners shall be equally interested in all the stock or property brought into the business, it matters not by which; partners shall be equally entitled to share the profits and equally bound to pay the losses." Code, § 75-206. But if the partners have made an agreement that their shares shall be unequal, or that one shall pay to or for another partner a certain sum for acquiring a stated interest in the partnership assets, such an agreement will be given effect in a final settlement and accounting between the partners. 47 C. J. 780-782, §§ 221, 222, and cit.

3. Under the preceding rulings, the judge erred in refusing, at the final hearing, to submit to the jury the question of accounting, and in dismissing the action. Under the pleadings, the defendant father was personally liable to the plaintiff for the $1250 and interest, which it is alleged he expressly promised the plaintiff to pay. This is true even if the father was not a member of the partnership. If he was a member, as the petition alleges but the answer denies, he would be liable also as a partner. The defendant sons, having admitted their membership and ownership of a half interest in the partnership, and such interest with its rights and privileges having been acquired only by virtue of the father's agreement to pay the $1250 representing their entire equal contribution to the partnership assets, equity will decree that all are equally liable to the plaintiff. The mere fact, as contended by the defendants and stated in the decree, that the brother-in-law paid the original vendor in full, and the plaintiff has been thereby relieved of any liability to the original vendor, would not deprive the plaintiff of a right to an accounting and judgment against the father and the sons, in order that an equal contribution to the partnership assets might be effected, where it appears that the plaintiff's payment of the $1250 cash was the only personal contribution made by the partners for the partnership assets of $2500, and where the failure of the other partners to pay the $1250 balance, as agreed, necessitated its payment by the receivers out of the partnership funds.

*Judgment reversed. All the Justices concur.*