IN THE

# SUPREME COURT OF GEORGIA,

## AT ATLANTA.

## JULY TERM, 1876.

PRESENT—HIRAM WARNER, . . . . . CHIEF JUSTICE.
L. E. BLECKLEY, . . . . . . . JUDGE.
JAMES JACKSON, . . . . . .    "

SAMPSON B. KING, plaintiff in error, *vs.* CHARLES H. COUR-
SON, defendant in error.

(JACKSON, Judge, having been of counsel, did not preside in this case.)

After a partnership has been dissolved, and one partner has agreed to pay
all the joint debts, and has been compensated by the other for that agree-
ment, if firm assets, undivided and undisposed of, and in which both have
an equal interest, remain in the possession of the former, and he excludes
the latter from sharing in them, the latter may maintain a bill to compel a
just and proper account and division.

Equity. Partnership. Before Judge CLARK. Lee Su-
perior Court. March Term, 1876.

Reported in the opinion.

HAWKINS & HAWKINS; WEST & KIMBROUGH, for plain-
tiff in error.

R. F. LYON; ALFRIEND & ARMSTRONG, for defendant.

BLECKLEY, Judge.

The defendant put in property, and the complainant skill and labor. Thus the partnership was formed. The property was to be firm property when paid for out of the net proceeds of the business. After operating for some time, the partnership was dissolved by mutual consent. In the contract of dissolution, the complainant gave up his interest in certain of the assets, including, it would seem, the property brought in by the defendant as original capital, and the defendant agreed to pay all the firm debts. But some of the proceeds of the business were left undivided, and in these the parties still have an equal interest, and the defendant has the possession, treating them as his own. This, we understand, to be the substance of the bill. The court dismissed it at the hearing; and we are told that it was because there is no averment that these proceeds, now in question, are over and above the net proceeds which, by the original contract, were to be applied in payment for the property put in by defendant. True it is, there is no such averment, but we cannot think it necessary, in face of the two allegations, that by the terms of dissolution all the debts were to be paid by defendant, and that the parties have, in these remaining proceeds, an equal interest. If, at the time of dissolution, the firm owed the defendant for property, his agreement to pay all the debts was, *ipso facto*, payment of that debt. And if both parties still have an equal interest in certain of the assets, they do not and cannot belong to the defendant alone for any reason whatever. If the bill is true, as the motion to dismiss conceded, there was error in dismissing it.

Judgment reversed.