## BENTON *v.* HUNTER.

1. A petition brought by one man against another who had formerly been his partner in business, which proceeds upon the idea that the partnership has been dissolved, its affairs wound up, and an accounting had between its members, and which seeks to recover a sum of money made up partly of an alleged individual indebtedness independent of the partnership relation, and partly of a sum alleged to be due by reason of the existence of the partnership and growing out of its dissolution, the latter sum being in no way affected by any debts due by or to the firm, is not subject to demurrer on the ground that it is a suit at law by one partner against his copartner to recover money due by reason of partnership transactions.

2. Where such a petition sets out the items of the alleged indebtedness sued on, but alleges that on account of the wrongful failure of the defendant to furnish the plaintiff with the partnership books, a more complete bill of particulars can not be set forth, there is no merit in a special demurrer based on the failure to set out the details of the items of indebtedness making up the sum for which suit was brought.

3. The jury, after retiring to their room, returned and requested information as to whether, in the event they should find for the defendant, the plaintiff would be barred from suing in equity. Counsel for the plaintiff, in the presence of the jury, requested the court to charge that such a verdict would be a bar to an equitable proceeding. No motion for a mistrial was made by counsel for the defendant, nor does it appear that he requested of the court any specific instructions. *Held*, that it was not, under such circumstances, error for the court to fail to instruct the jury to disregard the remark made by counsel for the plaintiff, or to fail to instruct them "that it was their duty to endeavor to find a verdict regardless of whether their verdict would prejudice the case of either party and regardless of whether either party would or not be barred from suing in a court of equity."

4. The evidence warranted the verdict, and there was no error in overruling the motion for a new trial.

Submitted December 15, 1903. — Decided January 15, 1904.

Complaint.    Before Judge Willis.    City court of Columbus. May 2, 1903.

*J. H. Martin* and *A. W. Cozart*, for plaintiff in error.
*J. E. Chapman*, contra.

CANDLER, J.    This was a suit on open account for $861.10 principal, besides interest, in which the jury returned a verdict for the plaintiff for $264.22.    The defendant brought the case to this court by bill of exceptions, complaining of the overruling of his demurrer to the plaintiff's petition, and of the refusal to grant his motion for a new trial.    It appears from the petition that, prior to the bringing of the suit, there had been a partnership between the plaintiff and the defendant, "which was formed on or about February 22, 1899, and was dissolved seventeen months thereafter."    The sum sued for was made up of various items set forth in a bill of particulars attached to the petition, some of which seem to relate to partnership transactions, and others not.    It was alleged that on the dissolution of the firm all the books and accounts of the partnership became, by agreement, the property of the plaintiff, but that they were "left by petitioner in the possession of said defendant, under an agreement between petitioner and defendant, that, as petitioner was going out of business and de-

fendant was to continue in said business, the said books and accounts, the property of petitioner, were to be left in the possession of defendant, who would collect on said books and accounts all the money he could and turn it over to petitioner, after retaining ten per cent. of the amount collected by defendant as his full compensation for making said collections." It was also alleged that "said books are now in the possession of defendant, who now refuses to return them to petitioner," which rendered it impossible for petitioner to give detailed information in regard to several items in the bill of particulars. Subsequently the petition was amended by setting out the dates of some of the transactions out of which it was alleged the indebtedness arose. The demurrer was upon the grounds, that no cause of action was set out; that the petition failed to allege that the partnership owed no debts to third persons, or that no debts were due it, or that there were no funds on hand, or that the profits already on hand had been equally divided; that it did not appear from the petition that the partnership was at an end; and that it was not set out when certain of the items of alleged indebtedness accrued. Besides the complaint that the verdict was contrary to law and the evidence, the motion for a new trial contained only one ground. From that it appeared that after the jury had retired to make up their verdict they returned and asked the court, through their foreman, "to withdraw the case from their consideration, or, if he would not do this, they wanted to know if it would prejudice the plaintiff's right to sue in a court of equity if they found a verdict for the defendant." Counsel for the plaintiff asked the court, in the presence of the jury, to charge that a verdict for the defendant would bar the plaintiff from suing in equity. The court made no reply to this request, but "instructed the jury that it was their duty to make a verdict if they could, and to make no verdict except one authorized by the evidence; but, after they had faithfully tried to make a verdict, if they then failed to do so there was a provision of law for the granting of a mistrial." The assignment of error is that "the court erred in not instructing the jury to disregard the remark of [counsel for the plaintiff], and in not instructing them that it was their duty to endeavor to find a verdict, regardless of whether their verdict would prejudice the case of either

party and regardless of whether either party would or would not be barred from suing in a court of equity."

1.   Counsel for the plaintiff in error sought to bring this case within the rule that an action at law will not lie in favor of a partner against his copartner during the continuance of the partnership; and in support of their position the case of *Miller* v. *Freeman*, 111 *Ga.* 654, is cited.   It is true that "it is a general rule that an action at law will not lie in favor of one or more partners or their representatives against one or more copartners or their representatives upon a demand growing out of a partnership transaction until there has been a settlement of accounts and a balance struck." 15 Enc. Pl. & Pr. 1005.   The petition in the present case, however, proceeds upon the idea that all partnership relations between the plaintiff and the defendant have come to an end, that a balance has been struck, and that an indebtedness is due by the defendant to the plaintiff, which can not be affected by any transactions between the partnership and its creditors or debtors.   Strictly speaking, it is not an action by a member of a firm against his copartner, but an action by one man against another who had formerly been his partner, upon an indebtedness a part of which grew out of the formerly-existing partnership between them.   "The reason most frequently assigned for the rule under consideration rests upon the principle that one can not be both a plaintiff and a defendant in the same suit either singly or with others;" but "the objection to the maintenance of this class of actions between partners lies deeper than any mere question of procedure or forms of action.   The real reason for the rule is found in the inherent nature of the partnership relation, and consists simply in the fact that prior to an accounting and settlement of the partnership affairs no cause of action exists between partners founded solely upon partnership dealings." 15 Enc. Pl. & Pr. 1011, 1015.   And in 2 Bates, Part. § 878, it is said: "The real test is not solely whether the action can be tried without going into the partnership accounts, but whether the defendant has bound himself personally to the plaintiff." Applying the reasoning of the authorities quoted to the case now under consideration, it is quite clear that as to this ground the demurrer was properly overruled.   The partnership had been dissolved, and upon the dissolution, according to the petition, a fixed and definite

liability arose from the defendant to the plaintiff.   As to the matters involved in the suit the partnership relation had ceased, and that of debtor and creditor begun.   We do not lose sight of the distinction, sought to be drawn by counsel for the plaintiff in error, between a dissolution of the partnership and a final winding up of its affairs; but such a distinction can in no way affect the merits of this case, because, under the allegations of the petition, each item of the attached bill of particulars was a personal obligation due by the defendant to the plaintiff, which could in no event be affected by any debts which the partnership might owe.   On the general subject which we have been discussing, see *Goodson* v. *Cooley,* 19 *Ga.* 599; *Pool* v. *Perdue,* 44 *Ga.* 454 (6); *Wadley* v. *Jones,* 55 *Ga.* 329 (5).

2.   It is equally clear that there is no merit in those grounds of the demurrer which attack the petition because of the failure to allege circumstantial details as to some of the transactions out of which the suit grew.   Some of these details were supplied by amendment to the petition; others were not necessary to support the petition; and as to others still a valid reason for not setting them out was shown in the wrongful failure of the defendant to allow the plaintiff access to the records containing the information desired.

3.   The ground of the amendment to the motion for a new trial, to which reference was had in a preceding portion of this opinion, discloses no error on the part of the trial judge.   The request of the jury that the case be withdrawn from their consideration, and their desire for information as to the effect, upon the plaintiff's right to sue in equity, of a possible verdict for the defendant, were, it must be admitted, most extraordinary.   No motion was made for a mistrial, however, and the court did all that well could be done under the circumstances, viz., instructed the jury to return to their room and find the truth of the case as shown by the evidence.   We can not understand by what rule of law or ethics the request made by counsel for the plaintiff that the court charge the jury that a verdict for the defendant would bar his client's right to sue in equity can be considered an improper remark; and certainly, in the absence of a request by opposing counsel for specific instructions on the subject, it can not be said

that it was error for the court to fail to charge as indicated in the motion for a new trial.

. 4.   There is no merit in the contention of counsel for the plaintiff in error that the verdict was not sustained by the evidence.    It may be conceded, as claimed, that the proof did not correspond with the allegations of the petition as to the nature of some of the transactions between the former partners, and still the verdict would stand; because a portion of the amount sued for was alleged and proved to have been an individual indebtedness, entirely independent of any partnership relations between the plaintiff and the defendant, and the amount of the verdict returned was less than a single item of this individual indebtedness. We see no reason why the verdict should have been set aside.

*Judgment affirmed.    All the Justices concur.*