## 10759.　DIXON *v.* HYDE.

An accounting between partners being involved in this suit, the city court of Savannah was without jurisdiction of the suit.

DECIDED MARCH 18, 1920.　REHEARING DENIED APRIL 7, 1920.

Complaint; from city court of Savannah — Judge Freeman. June 6, 1919.

*Osborne, Lawrence & Abrahams,* for plaintiff in error, cited: 111 *Ga.* 654; 8 *Ga. App.* 738 (5); 122 *Ga.* 283; 124 *Ga.* 103; 119 *Ga.* 381, 384-5; 114 *Ga.* 622; 20 R. C. L. 954.

*Hitch & Denmark,* contra, cited: 30 Cyc. 464; 111 *Ga.* 654; 114 *Ga.* 662; 119 *Ga.* 381.

SMITH, J.　On June 4, 1917, James M. Dixon, W. C. Peeples, and E. A. Hyde entered into a general copartnership under a written agreement. The business to be conducted was that of wholesale and retail dealers in lumber. Dixon furnished the capital and he was to receive 7 per cent. interest on all capital furnished by him in cash, and then the net profits were to be divided, a half to Dixon, one fourth to Peeples, and one fourth to Hyde. The partnership was to commence on May 1, 1917, and continue only so long as it was agreeable to all parties, any one of them to have the right to terminate it upon 24 hours notice. In the event of dissolution Dixon was to have the option of buying the interest of Peeples and Hyde, either or both, at the book value. If he refused to do this, Peeples and Hyde, either or both, would have the same option of purchasing Dixon's interest. If this value could not be agreed upon, the matter was to be referred to statutory arbitration. Peeples voluntarily withdrew from the partnership in September, 1917. Hyde and Dixon continued the business until February 11, 1918, without any agreement. On

that date they executed an agreement adopting the original co-partnership agreement with the modification that Dixon was to receive 60% of the net profits and Hyde 40% of the net profits. On February 14, 1919, Hyde withdrew, and he thereafter brought suit against Dixon, seeking to recover his share of the net profits between September, 1917, and February 11, 1918, and also the book value of his interest from the latter date to the time that he withdrew from the partnership. The petition set out the contract and all of the above facts fully, and alleged a certain amount as the book value of the interest of Hyde, and also a fixed amount as his share of the net profits for the period of time between the withdrawal of Peeples and the agreement between Dixon and Hyde. To this petition both general and special demurrers were filed, the general demurrer insisting that the city court of Savannah did not have jurisdiction of the subject-matter of the suit, because it involved an accounting between partners. Upon a careful review of the petition as amended it is apparent that this contention is well taken, and the court erred in overruling the general demurrer. See *Paulk* v. *Creech,* 8 *Ga. App.* 738 (5), 742 (70 S. E. 145), and cit. This ruling renders it unnecessary to pass upon the questions raised by the special demurrers.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*