*E. C. Stark,* for defendant.

---

18050. DUGGAN *v.* TARBUTTON.

JENKINS, P. J. It is the rule that one partner may sue another at law on a cause of action growing out of the partnership business, where there has been a settlement of the partnership affairs, and a balance struck, that is, where the affairs of the partnership have been so settled that a jury can, without an equitable accounting, ascertain the balance justly due by one partner to the other. *Poole* v. *Perdue*, 44 *Ga.* 454; *Paulk* v. *Creech*, 8 *Ga. App.* 738 (70 S. E. 145). The theory of this rule is that such a liquidation of the claims against and liabilities to the partnership renders the balance struck in favor of one of the partners a personal, rather than a partnership claim. *Benton* v. *Hunter*,

Partnership, 30 Cyc. p. 711, n. 86; p. 716, n. 43.

119 *Ga.* 381, 384 (46 S. E. 414). Applying the rule above indicated, where by the terms of a contract of dissolution all of the mutual liabilities and claims of the partners to and against the partnership are liquidated and settled, with the sole remaining provision that the retiring partner obligates himself to render a stated service for the benefit of the continuing partner, at an agreed price, and for a fixed term, to be paid for, however, by the former partnership, the assets of which were taken over by the continuing proprietor, upon the rendition of such services by the retiring partner, he can maintain a suit against the continuing proprietor for the portion of the amount fixed for such services as was represented by the latter's former interest in the partnership. The stipulation of the contract of dissolution providing that the compensation of the retiring partner for the particular services was to be paid by the former partnership merely operated to limit the amount of liability of the continuing proprietor, and did not necessitate an equitable accounting of the already liquidated partnership affairs, and did not make the claim for services thus rendered subsequent to the dissolution a partnership claim. Accordingly, the court erred in granting a nonsuit on the theory that the action as brought against the copartner could not be maintained at all.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 19, 1927.

Complaint; from city court of Sandersville—Judge Goodwin. January 26, 1927.

*A. R. Wright,* for plaintiff. *E. W. Jordan,* for defendant.