### 19051. FRIEDLANDER BROTHERS *et al. v.* KASSELL.

444

DECIDED JULY 31, 1928.

*Franklin & Langdale,* for plaintiffs in error.

*E. K. Wilcox, T. G. Connell,* contra.

BROYLES, C. J. ■ This was a suit on a promissory note (for a balance of $3000), in which the defendants pleaded a set-off in the sum of $2744.32 for money alleged to have been lent to the plaintiff by Nathan Friedlander, one of the defendants, his claim therefor having been duly transferred to the defendants. It appeared without dispute, from the evidence, that the plaintiff and Nathan Friedlander had been joint owners of certain tracts of land in the City of Moultrie, and the plaintiff testified that no such loan as pleaded by the defendants had ever been made, and that the check for $2744.32, dated January 27, 1921, drawn by Nathan Friedlander and payable to the plaintiff's order, represented the agreed purchase-price of the plaintiff's half interest in the Moultrie lands which he sold to Friedlander in January, 1921. The sole issue in the case was whether the $2744.32, paid to the plaintiff by Friedlander, was for the purchase-price of the plaintiff's interest in the lands, or was a loan of money to him. Upon this question the evidence was in acute conflict, but the jury decided it in favor of the plaintiff, and there was evidence to sustain their finding.

■ The court did not err in refusing to allow a witness for the defendants to answer the question propounded by the defendants' counsel as set forth in ground 4 of the amendment to the motion for a new trial. The question was leading, and furthermore "did not call for a fact, but instead for a mere operation of the witness' mind, the secret undisclosed intent of the witness in the event of the presentation of a situation calling for action. . . Such evidence is not admissible." Saxe *v.* Penokee Lumber Co., 159 N. Y. 380 (54 N. E. 414), and cit. See also *Western Union Telegraph Co.* v. *Watson,* 94 *Ga.* 202, 206 (21 S. E. 457, 47 Am. St. R. 151).

■ Ground 5 of the amendment to the motion for a new trial complains that the court in its charge incorrectly stated the contentions of the defendants. It is true that there were some inaccuracies in that portion of the charge, but they were not upon a vital issue in the case, and did not require the grant of a new trial. See, in this connection. *Varn* v. *Bloodworth*, 157 *Ga.* 300 (121 S. E. 380).

■ Special ground 6 of the motion for a new trial is without merit.

■ The other special grounds of the motion are based upon the refusal of the judge to answer in the negative a question propounded to him by the jury, and upon the recharge given them after the asking of the question, under the following circumstances as set forth in the record: "After the jury had been considering the case for about three hours under the original instructions given them by the court, and up to that time being unable to agree on a verdict, the jury returned into court and asked the trial judge whether or not a verdict for the plaintiff would automatically put the title to the real estate in Moultrie, Georgia, admitted to have been owned on January 27, 1921, jointly by the plaintiff and Nathan Friedlander, in Nathan Friedlander?" After the question was asked, the court, out of the presence of the jury, heard arguments by counsel for both parties, and then charged the jury as follows: "The court is not disposed to answer your question, because you are not concerned about the ultimate or further results of your verdict, but you are concerned in rendering a verdict upon the issues you are trying and passing upon in this matter, and not what the future may be or not be. As I have instructed you before, this case is to be decided upon the issue as to whether or not this was a sale between these parties, or [a] loan, and I have charged you about that and you have heard all the testimony about it, and it is a question for you to say. If you believe from the evidence that it was a sale, then you will so find; you will not be concerned about future results about that. If you believe it was a loan, from the facts submitted, you will so find; that is a matter of evidence, and the court can not help you about it. If you believe it was a sale, say so by your verdict; and if you believe it was a loan, say so. This court [city court] would not have jurisdiction to pass upon title in the future between these parties. Of course, the result of your verdict might or might not, if properly set up at some future

time, if the question should arise, have some say so, or weight, or be some evidence upon this question; but you are not concerned about that. I charge you if you believe this was a sale between these parties, you will so find; and if you believe from the testimony it was a loan, then so find; and your verdict would be as I have formerly instructed you. I will be glad to give you definite instructions, but I doubt if it will be proper; and as it is not proper, and is not an issue, I do not feel like giving you any instructions about it. You are to try the issues in this case—those that are being tried and have been tried here all day. Say by your verdict whether you believe it was a loan, or sale, and let the balance take care of itself at some future time." The trial judge did not err in failing and refusing to answer in the negative the question propounded to him by the jury; nor was his recharge to the jury error for any reason assigned. See, in this connection, *Benton* v. *Hunter,* 119 *Ga.* 381 (3), 385 (46 S. E. 414).

■ The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*