## 25333. LOKEY *v.* MALCOM.

</div>

<div align="center">

DECIDED JUNE 8, 1936.

</div>

*J. Glenn Stovall, J. Cecil Davis,* for plaintiff in error.
*Randall Evans Jr.,* contra.

Sutton, J.   George Malcom filed his petition in which he alleged that he and G. W. Lokey, the defendant, entered into an agreement whereby Lokey was to contract in his own name with the State Highway Department for the building of certain projects, and the plaintiff was to do the actual work, and was to receive forty per cent. and defendant sixty per cent. of the net proceeds; that said projects had been completed; and that there was due him $1578.45 as his share of the net profits under the contract.   The plaintiff prayed for an accounting and for judgment against defendant for said sum.   The defendant filed an answer in which he admitted the contract but denied that any sum was due to the plaintiff.   He set up that the net profits received from the projects did not amount to the sum stated in the petition, and alleged that he had paid to the plaintiff $147.41 more than he was entitled to under the contract, for which sum defendant prayed judgment against plaintiff.   Defendant also alleged that there had been a dissolution of the partnership in June, 1934, before the institution of the suit in October, 1934.   Plaintiff's evidence was to the effect that the net profits amounted to the sum alleged, and that defendant was due him the amount stated in his suit.   There was no dispute as to the amount of gross receipts from each project.   Plaintiff's evidence went into detail as to the amount of the expenditures, and as to how he arrived at the net profits and the sum sued for. He and the defendant testified that the partnership was dissolved in June, 1934.   The defendant testified in detail as to his contention as to the amount of net proceeds and expenditures (which differed from plaintiff's contentions), and that he had paid plaintiff sums amounting to $147.41 more than plaintiff was entitled to receive.   He further testified that plaintiff had made a demand on him for the balance claimed, but that he told plaintiff that he did not think he was due him anything.   The jury returned a verdict for $600 in plaintiff's favor.   The defendant's motion for new trial was overruled, and he excepted.

■   The testimony of both plaintiff and defendant showed that the partnership projects had ended, and that the partnership was dissolved several months before the suit was filed.   Under the evidence the case resolved itself into an action at law by the plaintiff against his former partner for an alleged indebtedness which arose out of the former partnership which had been dissolved.   Under

these circumstances, the principle of law that one partner can not maintain a suit against another partner is not applicable. See Code of 1933, § 75-107; *Paulk* v. *Creech*, 8 *Ga. App.* 738 (5) (70 S. E. 145); *Benton* v. *Hunter*, 119 *Ga.* 381 (46 S. E. 414).

■ The defendant claims that the verdict for $600 was unsupported by the evidence, because not within the range of the testimony, and because the evidence either authorized a. verdict for a larger amount than that sum or that defendant had paid to plaintiff all and more than his share of the net profits. See *Roddenberry Hardware Co.* v. *Merrill*, 17 *Ga. App.* 425 (87 S. E. 681); *Mills Lumber Co.* v. *Pine Plume Lumber Co.*, 48 *Ga. App.* 368 (172 S. E. 757). This contention is without merit. A defendant against whom a verdict has been rendered can not complain that the verdict is for a less sum than that which plaintiff was entitled to recover, if entitled to recover at all. *Sapp* v. *Sapp*, 50 *Ga. App.* 145 (177 S. E. 265), and cit. The verdict was within the range of the testimony, although it did not correspond with the contentions of either party. *Hawley &c. Furnace Co.* v. *Van Winkle Gin &c. Works*, 4 *Ga. App.* 85 (60 S. E. 1008).

■ The verdict should not be set aside on the ground that the plaintiff's evidence was vague, uncertain, and indefinite, as contended by defendant. The evidence was sufficient to support the verdict, and no objection was made to its admission on the trial of the case. *Burr* v. *Atlanta Paper Co.*, 2 *Ga. App.* 52 (58 S. E. 373).

■ There is no merit in the exception to the charge of the court on accounting. Besides, this exception is not referred to by plaintiff in error in his brief, and will be treated as abandoned. *Georgia Power Co.* v. *Whitlock*, 48 *Ga. App.* 809 (3) (174 S. E. 162).

■ It follows that the judge did not err in overruling the motion for new trial.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*