25314. WILLIAMS *v.* CAVE, administrator.

DECIDED JUNE 30, 1936.

*J. Eugene Cook, J. Paxson Amis,* for plaintiff in error.
*C.·S. Claxton, J. W. Claxton, H. T. Hicks,* contra.

GUERRY, J. On November 8, 1934, J. C. Cave applied for letters of administration of the estate of Harvey Cason, deceased, alleging that he was selected by a majority of the next of kin of Harvey Cason. He was appointed and qualified on December 4, 1934, on the written selection of Zealious Roberts, who alleged that he was a majority of the next of kin of Harvey Cason, deceased. On May 10, 1935, Handy Williams brought before the court of ordinary a petition to revoke and set aside the appointment of Cave as administrator, upon the ground that the deceased left no estate in Johnson County and was not a resident of Johnson County, and that Zealious Roberts was neither an heir at law of said estate nor a distributee, and had no right to select or consent to the appointment ·of any administrator; and that the petitioner was of next of kin of Harvey Cason, the deceased, and distributee of his estate. Cave answered, alleging that the petitioner was not an heir or distributee of said estate and had no interest therein, and that Zealious Roberts was the sole heir at law and had a right to select the administrator. On a hearing before the ordinary the motion to set aside the judgment appointing the administrator was denied. On trial of appeal in the superior court, after introduction of evidence, the court granted a nonsuit, and the plaintiff excepted.

The evidence for the plaintiff showed that Handy Cason was the illegitimate son of Mary Jane Williams, and was born in Washington County in 1895; that his father was Zudie Dixon; that two or three years after he was born Mary Jane Williams married Lyman Cason, and had one other child whose name was also Lyman Cason, that the deceased lived in Washington County until he was conscripted into service in 1918 and went to the war, and has never since been heard of; that he never lived in Johnson County,

and his mother never at any time lived with or formed a common-law marriage with Zealious Roberts. Handy Williams was a brother of Mary Jane Williams. Mary Jane Williams is dead, and she had only the two children, Harvey Cason and Lyman Cason; Harvey Cason has not been heard of since the war, and the appointment of Cave as administrator shows this fact in showing his death; Lyman Cason has not, since 1923, been heard from by those who, had he been living, would naturally have heard from him. The question presented is whether such evidence, if true, is sufficient to show that Handy Williams, the uncle of the deceased, was such a distributee of the estate as would be entitled to bring this proceeding for the removal of the administrator appointed.

"The judgment of a court of ordinary, appointing an administrator on the estate of a decedent, who was a non-resident of this State and died in Florida, may be vacated in a proper proceeding in equity, instituted for the purpose of setting aside such judgment, on the ground that the party obtaining the same falsely and fraudulently represented to the court that the decedent had assets within the county where the application was made." *Neal* v. *Boykin,* 129 *Ga.* 676 (59 S. E. 912, 121 Am. St. R. 237). "A judgment of the court of ordinary, granting permanent letters of administration to one who is neither next of kin nor a creditor, nor otherwise entitled to administration under the provisions of the Civil Code [1910], § 3943, may be set aside in a direct proceeding in equity at the instance of heirs at law, on the ground that it was falsely and fraudulently represented in the application for letters of administration that the applicant was next of kin to the decedent." *Wallace* v. *Wallace,* 142 *Ga.* 408 (2) (83 S. E. 113). "Where . . a judgment was rendered by the court of ordinary from which the letters issued, declaring that these letters were void ab initio for want of jurisdiction in that court to grant them, this judgment, the same not having been excepted to nor reversed, was binding upon all the parties thereto." *Stewart* v. *Golden,* 98 *Ga.* 479 (25 S. E. 528). See *Davis* v. *Albritton,* 127 *Ga.* 517 (56 S. E. 514, 8 L. R. A. (N. S.) 820, 119 Am. St. R. 352) ; *Singer* v. *Middleton,* 135 *Ga.* 825 (70 S. E. 662) ; *Lester* v. *Reynolds,* 144 *Ga.* 143 (2) (86 S. E. 321) ; *Wash* v. *Wash,* 145 *Ga.* 405 (89 S. E. 364). It is unquestionably true that the plaintiff in a proceeding to set aside the appointment of another as the representative of an

estate, whether the petition be presented to the court which granted the letters or be an equitable petition to the superior court, must himself be a distributee of such estate. Handy Williams, who brought this petition in the court of ordinary to set aside the appointment of J. C. Cave as administrator of the estate of Harvey Cason, deceased, shows that he is the uncle of the deceased, who was an illegitimate son of the plaintiff's sister. The Code of 1933, § 113-905, declares: "If a bastard dies intestate, leaving no widow or lineal descendant, or illegitimate brother or sister, or descendant of a brother or sister or mother, but shall leave a brother or sister of legitimate blood, such brother or sister, or descendant of such brother or sister, may inherit the estate of such intestate; but in default of any such person, the brothers and sisters of the mother of such bastard or their descendants, or the maternal grandparents of such bastard, may inherit the estate of such bastard, to be divided among said persons in accordance with the degrees of consanguinity prescribed in the laws for the distribution of other estates." . The evidence of the plaintiff shows that the mother of the deceased was dead, and that there were no other illegitimate brothers, and only one legitimate brother, Lyman Cason. His mother bore no other children. If Lyman Cason be living, under the evidence he would be the sole heir at law of the estate. According to the evidence, he left Washington County before 1923, and moved to Akron, Ohio. He was married, but had no children at that time. The last word received from him by any one of those naturally expected to keep in touch with him was in 1923, twelve years ago. It is rather well-settled law in this State that a person who after seven years has not been heard of by those who, had he been living, would naturally have heard from him, is presumed to be dead. *Hansen* v. *Owens*, 132 *Ga.* 648 (64 S. E. 800).

However, a more serious difficulty confronts the caveator in this case. No right of inheritance exists in Handy Williams except and unless Lyman Cason, the half brother, died leaving no heirs. The evidence was sufficient to make an issue for the jury as to the death of Lyman Cason. It was insufficient to carry the burden of proof which it was necessary for the plaintiff to carry, to wit, that Lyman Cason died without heirs. In 18 C. J. 872, it is said: "Persons claiming the right to take an estate as heirs or dis-

tributees, or through others as such, have the burden of proving facts necessary to sustain their rights, including the death of the alleged intestate, the relationship to him of the alleged heirs or distributees, and that there are no other relatives entitled to take before them. Where the claimant's right to inherit depends upon the death of persons who, if living, are the heirs of the decedent, he has the burden of proving their death or of proving facts from which their death may be legally presumed." In *Furr* v. *Burns,* 124 *Ga.* 742 (53 S. E. 201), it was said that "an allegation that the other three remaindermen had been gone and unheard of for more than seven years, . . that no one knows whether they are dead or alive, and, if dead, whether any children survive them, . . was demurrable. The allegation may have been sufficient to show prima facie that the remaindermen were dead, but did not show whether they ever had children, or, if so, what had become of them." See also *Hansen* v. *Owens,* supra; *Allen* v. *Gates,* 145 *Ga.* 652, 655 (89 S. E. 821); *Cock* v. *Lipsey,* 148 *Ga.* 322 (5) (96 S. E. 628). We think the plaintiff failed to sustain his contention that he was an heir at law, and that the court did not err in awarding a nonsuit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*