MANRY, administratrix, *v.* HENDRICKS.

No. 13658.   MAY 15, 1941.   REHEARING DENIED JUNE 14, 1941.

*A. L. Miller, Lee Miller Jr., Orabel Rabon,* and *W. L. Stone,* for plaintiff in error.

*Vance Custer* and *Bennet & Peacock,* contra.

ATKINSON, Presiding Justice. The petition bears a filing date of August 20, 1931. It is alleged that on July 30, 1931, the petitioner purchased her partner's interest in the partnership business on stated terms, "and a dissolution of said partnership was effected upon that basis, a copy of said dissolution agreement being hereto attached and marked Exhibit A." The writing attached recites the fact of the parties having theretofore entered into partnership, each equally interested therein; "and the said parties, desiring to dissolve said partnership, hereby agree to dissolve the same, upon the following terms, to wit," the terms being then and there recited, being in part that "The said C. A. Manry for and in consideration of said sums and notes hereby conveys and sells and assigns to the

said Mrs. Ruth Hendricks all his right, title, and interest in said business, stock of goods, fixtures, notes and accounts and choses in action, and all assets of any nature whatsoever, to the said Mrs. Ruth Hendricks, and the said Mrs. Ruth Hendricks agrees to pay the notes, accounts, and debts owing by said business as a further consideration for the interest bought of said Manry, and to relieve the said Manry from any liability thereon." Therefore it appears that no copartnership was existing at the time the suit was filed. It had been dissolved. Nor does the petition ask that a court of equity through a receiver take charge of the assets formerly belonging to the copartnership. No injunction is prayed for. There is no expressed desire to cancel or rescind the dissolution agreement, or to reinstate the partnership relationship. The petition contains allegations appropriate to an action of damages for fraud and deceit, and none other; and that is a common-law action. "If one partner having charge of the books and business of the firm, by making material, false and fraudulent representations to the effect that certain items of charge against others constituted debts owing to the firm, when in fact some of said items had been collected by him, and others were false charges, induced the other partner to enter into a contract finally settling and dissolving the partnership, whereby the latter took over for value as his individual property all of said items of charge, the latter may, upon discovery of the fraud, sue the former at law for any damages occasioned by the deceit." 2 Rowley's Law of Partnership, 761, § 760. It is true that an accounting is prayed for, but this prayer can be granted by a court of law, as well as a court of equity. Indeed it has been held that the mere necessity for an accounting to ascertain the amount due on contract is insufficient to give equity jurisdiction to order an accounting. *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538). The prayer "for such other and further relief as to the court may seem meet and proper" can not unaided make this an equity case. *Atlanta Finance Co.* v. *Fitzgerald,* 189 *Ga.* 121 (5 S. E. 2d, 242).

Nor is this made an equity case by reason of the provisions of the Code, § 37-301, as follows: "Equity jurisdiction over matters of account shall extend to mutual accounts growing out of privity of contract, or where accounts are complicated and intricate, or where a discovery or writ of ne exeat is prayed and granted, or where the account is of a trust fund, or accounts between partners

and tenants in common, or where a multiplicity of suits would render a trial difficult, expensive, and unsatisfactory at law." This section is not of statutory origin, nor was it taken from any decision of this court. It first appeared in the Code of 1861 (§ 3063), and was intended only to state a general principle. It must be construed and applied in connection with, and not to the exclusion of, other principles, one of which is § 37-120: "Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law; but a mere privilege to a party to sue at law, or the existence of a common law remedy not as complete or effectual as the equitable relief, shall not deprive equity of jurisdiction." The reason why equity will entertain a case for an accounting between partners is that ordinarily at law one partner can not sue another on a matter growing out of the partnership relation. In 2 Rowley's Law of Partnership, § 716, it is stated that "Where the partnership has been fully dissolved by written contract and the rights of each party definitely established, in case of a breach of such contract equity will not order an accounting, as the remedy is at law." In line with this statement is the language of Chief Justice Simmons, in *Miller* v. *Freeman,* 111 *Ga.* 654 (36 S. E. 961, 51 L. R. A. 504), where it was held that under the facts of that case it was one of partnership, and not maintainable at law. Said he: "The case fell within the recognized rule that one partner can not, before a final winding up of the partnership, maintain against his copartner an action at law based upon partnership transactions. This rule has but few exceptions, most of the so-called exceptions being apparent only and not real. After the partnership is practically at an end, whether it be a single venture or otherwise, the rule can not apply, for the parties are no longer partners."

*Benton* v. *Hunter,* 119 *Ga.* 381 (46 S. E. 414), was a case that involved a petition brought by one man against another who had formerly been his partner in business, to which was interposed a demurrer based on the contention that the suit, having been brought in a court that exercises only common-law jurisdiction, could not be entertained. In answering this contention it was said: "Counsel for the plaintiff in error sought to bring this case within the rule that an action at law will not lie in favor of a partner against his copartner during the continuance of the partnership; and in

support of their position the case of *Miller* v. *Freeman,* 111 *Ga.* 654, is cited. It is true that 'it is a general rule that an action at law will not lie in favor of one or more partners or their representatives against one or more copartners or their representatives upon a demand growing out of a partnership transaction until there has been a settlement of accounts and a balance struck.' 15 Enc. Pl. & Pr. 1005. The petition in the present case, however, proceeds upon the idea that all partnership relations between the plaintiff and the defendant have come to an end, that a balance has been struck, and that an indebtedness is due by the defendant to the plaintiff, which can not be affected by any transactions between the partnership and its creditors or debtors. Strictly speaking, it is not an action by a member of a firm against his copartner, but an action by one man against another who had formerly been his partner, upon an indebtedness a part of which grew out of the formerly-existing partnership between them. 'The reason most frequently assigned for the rule under consideration rests upon the principle that one can not be both a plaintiff and a defendant in the same suit either singly or with others;' but 'the objection to the maintenance of this class of actions between partners lies deeper than any mere question of procedure or forms of action. The real reason for the rule is found in the inherent nature of the partnership relation, and consists simply in the fact that prior to an accounting and settlement of the partnership affairs no cause of action exists between partners founded solely upon partnership dealings.' 15 Enc. Pl. & Pr. 1011, 1015." See also *Paulk* v. *Creech,* 8 *Ga. App.* 738, 743 (70 S. E. 145), where it was said: "Of course, in any case, if the partnership has been closed and the accounting settled, and one partner has been required to pay an item that was overlooked, he may recover contribution, where there has been a settlement and a balance struck which is agreed to. The partner in whose favor the balance lies may sue in assumpsit. 7 Am. & Eng. Enc. Law, 361." Nothing to the contrary was ruled in *Smith* v. *Hancock,* 163 *Ga.* 222 (136 S. E. 52). An examination of the record in that case shows that it affirmatively appeared that no final settlement had been made between the partners. Similarly, in *Loyd* v. *Camp,* 172 *Ga.* 510 (158 S. E. 40), as shown by the record, it was averred that a partnership existed, and there was no allegation that there had been a dissolution, or a division, or other disposition of the assets.

Nor can equity entertain jurisdiction by reason of that portion of the Code, § 37-301, which states in effect that its jurisdiction exists "where accounts are complicated and intricate." There is no allegation of that kind here, and nothing to indicate any reason why, if an auditor be needed, one appointed at law under the Code, § 10-102 et seq., could not give the complainant adequate relief. Since there is no need of equity to grant to the complainant all the relief she needs, it will not be presumed that she intended to invoke the needless powers of a court of equity, even if her petition be susceptible of two constructions. If the petition in the instant case had been addressed to the city court of Morgan, a court having no equitable jurisdiction, the complainant could have obtained in that court all the relief she here seeks. Compare *Benton* v. *Hunter,* supra; *Welborne* v. *State,* 114 *Ga.* 793, 796 (40 S. E. 857).

It is the duty of the Supreme Court ex moro motu to transfer this case to the Court of Appeals.

*So ordered. All the Justices concur.*