44503. TODD v. WADDELL et al.

Submitted May 29, 1969—Decided July 2, 1969.

*Armstrong & Fuller, Ronald J. Armstrong,* for appellant.

*William E. Spence, George F. Wheeler, Jr.,* for appellees.

DEEN, Judge. ■ The first question for decision is the scope of the judgment of dismissal. The remedy of nonsuit as formerly available under *Code* § 110-310 no longer exists. *Code Ann.* § 81A-201 (dd). A motion for judgment on the pleadings, where factual material is considered by the trial judge without objection, should be treated as a motion for summary judgment (*Code Ann.* § 81A-112) but such a motion should be made "within such time as not to delay the trial" and accordingly would be inappropriate here. *Code Ann.* § 81A-141(b) provides for a motion to dismiss at the close of the plaintiff's evidence where "upon the facts and the law the plaintiff has shown no right to relief" but only in non-jury cases. Under *Code Ann.* § 81A-150(a) the defendant in jury cases has the analogous right to move for a directed verdict at the close of the plaintiff's evidence, and it is stated of the parent Rules 41(b) and 50 (a) of the Federal Rules of Civil Procedure that, regardless of the terminology used, a motion couched in the language of 41(b) in a jury case should be treated as a motion for a directed verdict. Sano v. Pennsylvania R. Co., 282 F2d 936; Federal Practice and Procedure, Barron & Holtzoff, Vol. 2B, § 1074, p. 372. Since the judgment of dismissal here has every attribute of finality and was entered after consideration of evidence, it will be so considered leaving as the only question for this court whether, construing the pleadings and evidence in the plaintiff's favor, we could say that a verdict for him for any amount would not be authorized. *Dennis v. Griswold,* 142 Ga. 114 (82 SE 519); Sattler v. Great A. & P. Tea Co., 18 F. R. D. 271.

■ The partnership not being in dispute, each partner is liable for the business losses of the firm. *Code* § 75-206. A partnership at will may be dissolved by the giving of three months' notice to the partner (*Code* § 75-106) or it may be dissolved immediately by mutual consent or by the extinction of the business for which it was formed. *Code* § 75-107. Dissolution may occur although there has been no prior accounting and although a general windup of the business affairs is still necessary. *Code* § 75-109. Third persons, however, have generally a right to look to the firm until notice of dissolution or dissent or until the commencement of a legal action for dissolution. *Code* § 75-302. Dissolution of the partnership as such, however, as between the partners, may be implied from their acts and conduct (Johnson v. Inman, 223 Ala. 513 (137 S 293)) and here, where it appears without dispute that by October, 1966, one partner had taken steps to eject the other from the property and the other had commenced carrying on an individual business, it is fairly clear that nothing remained of the partnership business as such except a determination of losses, payment of debts, and other like acts involving a general accounting and winding up of the business. Therefore, those cases holding that during the pendency of the partnership "one of the partners can not maintain against the other an action at law" do not apply here. See *Miller & Son v. Freeman,* 111 Ga. 654 (1) (36 SE 961, 51 LRA 504). At the least, the affairs of the partnership must be in a position where the jury can ascertain what is justly due as a balance by one partner to the other. *Paulk v. Creech,* 8 Ga. App. 738 (5) (70 SE 145). The difficulty so far as the trial of this case was concerned appears to be that the allegations of the original petition suggested a situation where the partnership still existed as a business concern whereas the proof showed without dispute that it had in fact ended over two years before the trial. The amendment offered by the plaintiff during the trial seeking a money judgment for one half of the business losses which had actually been paid by him personally was relevant to the facts as the plaintiff's evidence showed them to be. "After payment of the partnership debts, the petitioning partner is entitled to an

accounting without the necessity of showing any exact amount as due, if he alleges and shows 'facts sufficient to indicate that something will be found to be due him'; and he is entitled to a personal money judgment against the indebted partner for such amount as may be shown by the proof. *Bowman v. Chapman,* 179 Ga. 49 (2) (175 SE 241); *Ferrell v. Wight,* 187 Ga. 360, 367 (200 SE 271); *Gould v. Barrow,* 117 Ga. 458 (43 SE 702)." *Johnson v. Townsend,* 192 Ga. 522, 524 (15 SE2d 790). The pleadings and evidence made a jury question here at the very least as to certain admitted partnership debts which had been paid by the plaintiff and for which he was entitled to reimbursement of one half of the payment from the defendant partner.

As to the money advanced by the plaintiff for the firm either initially or during the course of the business, it remains a jury question depending on the agreement between the parties as to his entitlement to reimbursement of the one half for which he prayed. It is perfectly true that as to the lender, the plaintiff alone was responsible. *Floyd v. Wallace,* 31 Ga. 688 (5). He contended, however, that the funds were placed in the firm under an agreement to repay them to him on demand. The rule that a joint obligor cannot have contribution for a voluntary payment does not apply to a necessary payment of a firm obligation. In re Pangborn, 185 F 673. These were all matters properly before the jury within the framework of the amended pleadings, and as to which it can not be said that the plaintiff failed to produce evidence which would authorize a verdict in his favor in any amount. The trial court in dismissing the case apparently felt that the figures presented were too intricate or too confused to allow the jury to return an intelligent verdict; if this is in fact true it will of course be possible prior to another trial to refer the matter to an auditor if the parties so desire. At that time the issues should be narrowed to a consideration of the amount of the firm losses for which the defendant would be properly chargeable on a 50% basis, the evidence being undisputed that there were in fact losses.

3. The verdict in favor of the defendant Mrs. Waddell was properly directed in her favor.

*Judgment reversed in part; affirmed in part. Bell, P. J., and Eberhardt, J., concur.*