33680. GIDDINGS et al. v. STARKS et al.

NICHOLS, Chief Justice.

Starks brought an action under Code Ann. § 37-1411 et seq. to remove a cloud on his title.

Starks purchased a 25-acre tract of land which was part of a 59-acre tract formerly owned by Felix Giddings. In 1926 Felix Giddings deeded the land to his two sons, S. J. and James P. Giddings. No deed of record appears showing any conveyance from either S. J. or James P. Giddings, who died intestate, respectively, in 1948 and 1931. In 1929 Maude Parks, a sister of S. J. and James P. Giddings, began living on the land with the permission of James P. Giddings. In 1932 the land was levied on for taxes, at which time Maude Parks and her husband Arthur paid the arrearage. They continued to pay the taxes each year thereafter. Maude Parks borrowed money for improvements and gave security deeds on the land in 1942 and in 1948. In 1948 Maude Parks conveyed the land by warranty deed to James H. Willis, and in 1952 Willis reconveyed by warranty deed to Maude Parks. In 1962 the highway department condemned 3.687 acres of this tract as lands of Maude Parks. In 1976 Maude Parks conveyed all but 3.7 acres of the tract to Roy Blankenship, who divided the land into two tracts and conveyed 25 acres to Starks in 1976 and the remainder to C. D. Cofield.

The Giddings claimants assert title as heirs of S. J. and James P. Giddings.

The Giddings claimants contend that the trial court erred by failing to grant their motion for directed verdict and by granting Starks' motion for directed verdict. The trial court ruled correctly on the motions for directed verdict if the evidence, construed most favorably to the Giddings claimants, *demanded* a verdict for Starks and failed to disclose *any* material issue for jury resolution. *North Ga. Production Credit Assn. v. Vandergrift,* 239 Ga. 755, 761 (238 SE2d 869) (1977).

The evidence established without contradiction that the Giddings claimants are not the legitimate descendants of either S. J. Giddings or James P. Giddings, and hence, that they had no interest in the property to interpose against the Starkses. The Giddings claimants failed to prove facts necessary to sustain their right of inheritance. Code Ann. § 113-904; *Williams v. Cave,* 53 Ga. App. 582 (186 SE 694) (1936).

The trial court did not err in sustaining the motion for directed verdict filed by Starks or in overruling the motion for directed verdict filed by the Giddings claimants. *North Ga. Production Credit Assn. v. Vandergrift,* supra.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 19, 1978 — DECIDED OCTOBER 17, 1978 — REHEARING DENIED OCTOBER 31, 1978.

*E. Lynn Mitchell, LeRoy Langston,* for appellants.
*Elkins, Flournoy & Gemmette, T. M. Flournoy, Jr.,* for appellees.