## 34574. BURNEY v. BUTLER.

NICHOLS, Chief Justice.

In accordance with a pre-trial order consented to and approved by the parties, Burney's claim against Butler for partnership accounting as of August 19, 1976, and Butler's counterclaim against Burney for unauthorized withdrawal of funds from the firm's accounts and unauthorized use of the firm's gasoline company credit card were submitted to a jury. The pre-trial order had given Burney the opportunity prior to trial of the case to have an accountant of his own choosing review the books and accounts of Uniweld, Inc. in order to make a determination as to the net worth of the business. The parties were in the process of forming a corporation to be known by the name "Uniweld, Inc." when their disputes occurred.

The trial court directed a verdict against Burney on his claim for accounting and directed a verdict for Butler on his claims for unauthorized withdrawal of business funds and unauthorized use of the firm's credit card. Burney appeals. This court affirms.

1. Burney first enumerates as error the directing of the verdict for Butler on Burney's claim for an accounting. His reliance upon *Atlanta Trust Co. v. National Bondholders Corp.,* 188 Ga. 761, 770 (4 SE2d 644) (1939) is misplaced as that case involved the then current rules of pleading to avoid special demurrer, whereas the present case involves proof of facts to avoid a directed verdict. This court's holding in the *Atlanta Trust Co.* case, supra, that a "complainant is not obliged to show how much is due" must be taken in the context of former rules of pleading and must be understood as an alternative statement of the holding in that case that "The items of the account need not be alleged." 188 Ga. at 770.

The rule of proof on trial to avoid directed verdict is different. It is not error to direct a verdict if the evidence and all reasonable deductions therefrom, considered in the light most favorable to the respondent to the motion, *demands* the verdict and fails to disclose *any* material issue for jury resolution. Code Ann. § 81A-150 (a); *North Ga. Production Credit Assn. v. Vandergrift,* 239 Ga. 755,

761 (1) (238 SE2d 869) (1977); *Giddings v. Starks,* 242 Ga. 457, 458 (249 SE2d 203) (1978).

Burney's claim for accounting was tried on the theory that all Burney was seeking was his profit from the business. Burney did not take advantage of the provision of the pre-trial order giving him the opportunity to have an accountant examine the books and accounts of the business. No accountant testified during the trial in behalf of Burney. Burney's testimony was of a general nature relating to how the business steadily had grown. Upon objection of counsel for Butler that the books and accounts were the best evidence of business income, the trial court excluded further generalizations by Burney as to the growth of the company but recessed the trial, allowed Burney to examine the books and accounts, and then allowed Burney to testify as to the results of his examination. Burney testified about the accounts receivable based upon his notes of his examination of the books and records but was unable to testify or produce other evidence as to the amount of the accounts payable. Butler produced evidence as to the accounts payable and debts of the business and established from the books and accounts that the business had suffered a loss rather than made a profit. The evidence as to the business loss, considered in the light most favorable to Burney, demanded the verdict for Butler. *Anthony v. Anthony,* 143 Ga. App. 691 (240 SE2d 167) (1977). No material issue remained for jury resolution on Burney's claim for an accounting. The trial court did not err in directing a verdict for Butler on Burney's claim for an accounting.

2. Burney next enumerates as error the granting of Butler's motion for directed verdict as to Butler's counterclaim against Burney for unauthorized withdrawal of company funds and unauthorized use of the company charge card.

Burney first contends that the pre-trial order excludes proof of facts relating to the $5,000 he withdrew from the company checking account upon advice of his counsel. There is absolutely no basis for this assertion, as the pre-trial order specifically refers to the issue of Burney's "unauthorized withdrawal of funds from the business account."

Burney next contends that because of the case of *Manry v. Hendricks,* 192 Ga. 319 (15 SE2d 434) (1941), Butler cannot sue him for return of the monies in issue. To the contrary, that case supports Butler's counterclaim. The partnership is at an end. However, under authority of the *Manry* case, supra, even were it to be only "practically at an end," Butler would be able to maintain his counterclaim.

3. Burney next contends that the trial court erred by requiring, as a condition of the judgment, that Butler hold Burney harmless from liability on the $10,000 note that they had executed jointly to obtain funds with which to start the business. Pretermitting the question of whether Burney can complain of this condition since, presumably, it is in his favor, it is clear that the court had jurisdiction to attach this condition to the judgment entered on the counterclaim. *Southern Bell Telephone &c. Co. v. Ga. Public Service Comm.,* 203 Ga. 832, 879 (49 SE2d 38) (1948).

Burney's contentions that the partnership is not at an end are without merit. The issue of whether or not the partnership had been terminated by the actions of the partners was not among the issues for trial as provided for in the pre-trial order because the parties had agreed to try Burney's claim for accounting as of August 19, 1976. Furthermore, the transcript contains evidence authorizing a finding of dissolution by actions of the partners. *Todd v. Waddell,* 120 Ga. App. 20, 23 (169 SE2d 351) (1979). The partners have gone into business separately from each other under newly-formed corporations. The third enumeration of error is without merit.

4. None of the many and varied assertions made in support of the fourth enumeration of error is supported by the record or by the laws of this state.

5. The fifth enumeration of error, complaining of the denial of Burney's motion to disqualify Butler's counsel for conflict of interest on the ground that he was paid by the partnership to form the corporation to be known as "Uniweld, Inc." is totally without merit. This issue was outside the scope of the pre-trial order. No evidence appears in the record to establish that Butler's lawyer received a fee from the partnership to incorporate

"Uniweld, Inc." Butler's counsel denied receipt of such a fee. Finally, the motion was not made until the trial had been nearly half completed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 16, 1979 — DECIDED APRIL 17, 1979 — REHEARING DENIED MAY 8, 1979.

*Fred A. Gilbert,* for appellant.
*Peter Kintz,* for appellee.