### 45986. LUMPKIN v. GUTHRIE.

EBERHARDT, Judge. Lumpkin sued Guthrie seeking damages for the breach of a real estate sale contract, alleging that Guthrie had, in various particulars, failed to complete the house in accordance with the contract stipulations. Guthrie answered, alleging that subsequent to the sale contract he had executed a warranty deed to plaintiff by which "any and all defects in the agreement was [sic] cured," and asserting both by answer and motion that the complaint failed to state a claim upon which relief could be granted. Upon trial by the court without a jury the plaintiff testified, and certain exhibits were examined by the court. Before any of the exhibits were formally tendered, marked, and denominated as documentary evidence, and before any further testimony could be offered on plaintiff's behalf, and before plaintiff had rested his case, defendant made an oral motion to dismiss the action, which was granted. The order of dismissal recited that the court had heard evidence. *Held:*

The oral motion to dismiss, and the order granting it, were made pursuant to CPA § 41 (b) (*Code Ann.* § 81A-141 (b)). See *Todd v. Waddell,* 120 Ga. App. 20, 22 (169 SE2d 351). However, such a motion is authorized only "[a]fter the plaintiff . . . has completed the presentation of his evidence . . . ," and not before. CPA § 41 (b) (*Code Ann.* § 81A-141 (b)). In the instant case plaintiff was not allowed to complete his evidence, and the judgment of dismissal must be reversed and remanded with direction that plaintiff be allowed to present his case. See 5 Moore's Federal Practice 1151, § 41.13[2]. After plaintiff has completed the presentation of his evidence, defendant may then make his CPA § 41 (b) motion if he so desires.

*Reversed and remanded with direction. Hall, P. J., and Whitman, J., concur.*

SUBMITTED MARCH 8, 1971—DECIDED JUNE 15, 1971.

*Lewis M. Groover, Jr.,* for appellant.
*H. Rhodes Jordan,* for appellee.